IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

Misc. Case No. 24-20456 (MD) (LFL)

| | |
|---|---|
| PDV USA, INC., <br><br>　　　　Petitioner, <br><br> v. <br><br> DAVID RIVERA, <br><br>　　　　Respondent. | Related Cases: <br><br> No. 20-cv-3699 (S.D.N.Y.); <br><br> No. 22-mc-23786 (S.D. Fla.); <br><br> No. 22-cr-20552 (S.D. Fla.) |

**PETITIONER PDV USA, INC.'S**
**VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS**

Pursuant to Local Rule 7.3, Petitioner PDV USA, Inc. ("PDV USA") respectfully moves this Court for an award of reasonable attorneys' fees and costs incurred in litigating the now-granted Motions to Compel Mr. Rivera to comply with the Subpoena.[1]

**PRELIMINARY STATEMENT**

Mr. Rivera never had any good faith basis for opposing PDV USA's Motions to Compel production of documents responsive to the Subpoena. No later than September 2023, unbeknownst to PDV USA, Mr. Rivera came into possession of at least hundreds of documents responsive to the Subpoena. Most of those documents consist of Mr. Rivera's own WhatsApp communications that should have been produced to PDV USA long ago but, for reasons Mr. Rivera has never been able to explain, were not. After receiving those documents in criminal discovery, Mr. Rivera sat on them and said nothing to PDV USA. Then, when PDV USA was forced to initiate this action,

---

[1] Unless otherwise noted, all defined terms have the same meaning set forth in PDV USA's First and Second Motions to Compel, ECF Nos. 1, 20.

Mr. Rivera raised a number of frivolous arguments in opposition—including suggesting that he did not have "access" to the Government Production, because the production was made to his attorneys and not to him. He also made a number of factual misrepresentations, including that the Government Production "likely" did not include "many . . . responsive emails and messages." That could not have been further from the truth. Following this Court's order compelling Mr. Rivera to produce responsive documents from the Government Production—an order Mr. Rivera ignored until PDV USA warned it would move for contempt—it is now clear that the Government Production not only contains hundreds of responsive communications, it offers a nearly day-by-day roadmap of Mr. Rivera's schemes in connection with the consulting agreement (the "Agreement") at the heart of the S.D.N.Y. Litigation and the Subpoena.

Under these circumstances, pursuant to the Court's inherent power to impose sanctions, PDV USA is entitled to reasonable attorneys' fees and costs incurred in connection with litigating its Motions to Compel.

## BACKGROUND

For the sake of judicial economy, and because the Court has already adjudicated both of PDV USA's Motions to Compel, PDV USA limits the following factual recitation to only those facts pertinent to the present motion. PDV USA incorporates by reference the statements of facts set forth in PDV USA's First and Second Motions to Compel. *See* ECF Nos. 1, 20.

PDV USA initiated this action to compel Mr. Rivera to comply with the Subpoena. The Subpoena was properly served in 2021. It issued from the S.D.N.Y. Litigation, where PDV USA is suing Mr. Rivera's one-person consulting company, Interamerican, in connection with the Agreement between PDV USA and Interamerican. ECF No. 1 ("First Motion" or "First Mot.") at 3–4.

In late 2022, Mr. Rivera was indicted by a grand jury in this District for his conduct in connection with the Agreement. *See United States v. Rivera*, 22-cr-20552 (S.D. Fla.) (the "Criminal Matter"), ECF No. 3. The indictment quoted from dozens of highly inculpatory communications to and from Mr. Rivera concerning the Agreement that had never been produced to PDV USA (as defined in the First Motion, the "Indictment Documents"). First Mot. at 6. Mr. Rivera claimed he did not have any of the Indictment Documents in his possession, although he has never been able to explain why that is the case. *Id.* at 6–7. All signs point to intentional spoliation. *Id.*[2]

After the indictment was unsealed and PDV USA brought these discovery deficiencies to the court's attention in New York, the court stayed the case to afford time for Mr. Rivera to receive the Indictment Documents in the criminal matter, and then produce them to PDV USA. Order, *PDV USA, Inc. v. Interamerican Consulting, Inc.*, No. 1:20-cv-03699 (S.D.N.Y. 2020), ECF No. 129; *see also id.* at ECF No. 131 (Interamerican and PDV USA jointly describing the purpose of the stay: "to provide time and opportunity for the production of the [Indictment] Documents to Mr. Rivera in the criminal matter, at which time the documents could be produced by Interamerican"). The stay commenced in January 2023.

In August and September of 2023, unbeknownst to PDV USA, Mr. Rivera (and his criminal co-defendant and purported subcontractor under the Agreement, Esther Nuhfer) received a substantial document production from the government that—as we now know—included many of

---

[2] In fact, some of the communications that Mr. Rivera has now been forced to produce—following PDV USA's Motions to Compel—reveal a conscious effort by Mr. Rivera and his purported subcontractors to limit their paper trail and "erase" responsive documents. *See, e.g.*, RIVERA007672 (May 17, 2017 WhatsApp message from one of Interamerican's subcontractors to David Rivera: "David, erase all those texts don't use names. . . . Erase that it could entail problems if someone sees it who shouldn't."). Mr. Rivera responded, "I live alone." *Id.*

the Indictment Documents, as well as at least hundreds of additional, equally responsive and in many cases inculpatory communications to and from Mr. Rivera. *See* United States' Motion for Court Authorization to Produce Documents, *United States v. Rivera*, 1:22-cr-20552 (S.D. Fla.), ECF No. 162 at 5 (government's brief stating that the Government Production was made in August and September 2023). Mr. Rivera said *nothing* to PDV USA about the Government Production, much less supplemented his productions to PDV USA, as he was then obligated to do under the Subpoena. In fact, a month *after* the Government Production had been made, on October 3, 2023, Interamerican represented to PDV USA that the Indictment Documents had "***yet to be produced***." *See* Ex. 1 at 1 (emphasis added).

In November 2023, PDV USA learned about the existence of the Government Production because it saw that the government filed a memorandum in the Criminal Matter that referred to a document production. First Mot. at 7. When PDV USA pressed Mr. Rivera to produce any responsive documents from the Government Production, he refused, but reassured PDV USA that, according to Mr. Rivera's criminal counsel, the Government Production was "limited" and counsel "doubt[ed] that any discovery they have received ***is at all relevant to the issues in this case***." *See* Ex. 2 at 2 (emphasis added).

After motion practice ensued in New York, the court directed PDV USA to seek relief in Florida, and PDV USA commenced this action. First Mot. at 3. The First Motion sought to compel production of the Indictment Documents insofar as they were included in the Government Production—and therefore in Mr. Rivera's possession, custody, or control. Mr. Rivera raised two primary arguments in opposition. First, he took the position that the Government Production was in *his lawyer's* possession, custody, or control, but not *his* possession, custody, or control. ECF No. 17 at 7. Mr. Rivera even suggested that his own attorney was not authorized to share

documents with his client, an argument that Mr. Rivera repeated at oral argument. *Id.*; Ex. 3 at 13–15. Second, Mr. Rivera contended that the documents in the Government Production were immune from production to PDV USA because the government had designated the documents confidential pursuant to a protective order in the Criminal Matter. ECF No. 17 at 7–8. He maintained this position even though the documents PDV USA was seeking in the First Motion consisted exclusively of Mr. Rivera's *own communications*. Furthermore, Mr. Rivera never contacted the government to determine if the government had any objections to his complying with the Subpoena. To the contrary, on March 15, 2024, when the government itself was prepared to produce the documents to PDV USA, Mr. Rivera objected. ECF No. 32-8.

Although Mr. Rivera had previously represented to PDV USA that his lawyer doubted the Government Production was "at all relevant to the issues in this case," Mr. Rivera's opposition to the First Motion revealed, for the first time, that the Government Production consisted of "***thousands***" of documents. ECF No. 17 at 6 (emphasis added). When PDV USA continued to press Mr. Rivera to explain what this production consisted of, Mr. Rivera again refused to tell PDV USA anything about the nature of the Government Production. Accordingly, PDV USA brought the Second Motion to Compel. The Second Motion to Compel sought production of all documents (not just the Indictment Documents) from the Government Production that were responsive to the Subpoena. ECF No. 20.

Mr. Rivera's opposition to the Second Motion repeated the arguments he raised in opposition to the First Motion, i.e., that the Government Production was not in Mr. Rivera's possession, custody, or control (only his counsel's), and that the criminal protective order immunized the documents from disclosure to PDV USA. *See* ECF No. 24 at 5–7 (arguing that "***Mr. Rivera does not have access to documents produced by the government***"); *id.* at 6

("***documents produced by the Government are not in Rivera's possession but in his counsel's possession***"); *id.* ("the relief PDV USA requests is unprecedented") (emphases added). Mr. Rivera also doubled-down on his prior representations to PDV USA about the relevance of the documents in the Government Production. He stated in his opposition brief that it was "***likely inaccurate***" that the Government Production included "many more responsive emails and messages tha[n] what has been [previously] produced to PDV USA." *Id.* at 7 (emphasis added).

While the parties briefed PDV USA's Second Motion, the Court directed PDV USA to meet and confer with the government and ascertain the government's position on PDV USA's Motions to Compel. ECF No. 22. The government indicated that it would provide a response by April 19, 2024. ECF No. 23.

On April 8, 2024, the Court scheduled a hearing on PDV USA's motions for April 19, 2024. ECF No. 25. Mr. Rivera moved to continue the hearing to an unknown future date, PDV USA opposed, and the Court denied his motion. ECF Nos. 30, 33, 34.

On April 18, 2024, the government made a submission in the Criminal Matter concerning a related subpoena served on the government by PDV USA. Criminal Matter, ECF No. 162. The submission made it clear—as the government had already indicated in March 2024 by agreeing to produce responsive documents to PDV USA from the Government Production—that the government did not oppose Mr. Rivera producing responsive documents to PDV USA from the Government Production. *See id.* at 2 ("Although the government believes it is obligated to produce documents obtained during its investigation to comply with PDV USA's subpoena and Touhy request, Rivera's and Nuhfer's attorneys . . . have objected"). On April 19, 2024, prior to the hearing, the government notified PDV USA (which in turn notified the Court) that the government did not oppose PDV USA's Motions to Compel. ECF No. 26.

At the hearing, the Court granted PDV USA's Motions to Compel and ordered Mr. Rivera to comply within two weeks. Ex. 3 at 14–15. After two weeks, Mr. Rivera had not produced a single document to PDV USA. Only after PDV USA indicated that it would move for contempt did Mr. Rivera finally comply and produce the Government Production to PDV USA on May 8, 2024.

The Court issued a written order and opinion on May 6, 2024. ECF No. 38. The opinion rejected each of Mr. Rivera's arguments in opposition to PDV USA's motions. First, with respect to Mr. Rivera's argument that the Government Production was not in his possession, custody, or control, the Court noted that this was not a "well-placed objection to production" because "Respondent can easily request the responsive documents to be exchanged between Respondent's counsel." ECF 38 at 9. Second, with respect to Mr. Rivera's argument that his own communications were exempt from production because of the criminal protective order, the Court held that Mr. Rivera's attempted "reliance on the Protective Order ignores [the] reality" that "the documents sought by Petitioner originated with Respondent." *Id.* at 6.

The Government Production consists of nearly 8,000 pages. Now that PDV USA has had an opportunity to review the Government Production, it is clear that Mr. Rivera withheld and/or failed to preserve at least hundreds of documents that are not only responsive to the Subpoena, but that directly contradict Mr. Rivera's sworn testimony and counterclaims in the S.D.N.Y. Litigation. Any suggestion that the Government Production was not "relevant" could not have possibly been made in good faith. These documents include communications about the Agreement, receiving and returning payments pursuant to the Agreement, and attempts to arrange meetings with Exxon Mobil pursuant to the Agreement—which is what Mr. Rivera claims he did to earn $50 million from PDV USA. They include messages about the progress reports that Mr.

Rivera claims demonstrate his compliance with the Agreement—including messages that demonstrate Mr. Rivera did not author the reports, but instead took instruction from Raul Gorrín. And they include hundreds of messages with Mr. Rivera's purported Agreement-subcontractors Raul Gorrín, Esther Nuhfer, and Hugo Perera discussing the Agreement, including an encrypted chat group (the MIA Chat Group) amongst them intended to secretly discuss matters related to the Agreement.

## PDV USA'S ATTORNEYS FEES AND COSTS

As reflected in the billing records submitted by PDV USA (Exs. 4 & 5), PDV USA is requesting an award of fees for 2.2 hours that Mr. Gottlieb spent at the discounted rate of $1354.69 per hour, 1.8 hours that Mr. Korn spent at the discounted rate of $1354.69 per hour, 50.3 hours that Mr. Sullivan spent at the discounted rate of $988.13 per hour, 62.2 hours that Mr. Pereira spent at the discounted rate of $710.81 per hour, 14.0 hours that Mr. Pedrosa spent at the discounted rate of $812.81 per hour, and 4.6 hours that Ms. Fudenberg spent at the discounted rate of $510.00 per hour. In total, PDV USA requests $113,059.36 in attorneys' fees incurred in litigating the now-granted Motions to Compel. The underlying invoices containing each individual diary entry for which PDV USA is seeking recovery are also set forth in Exhibits 4-5. The invoices are redacted so that they reveal only those time entries for which PDV USA seeks recovery.[3]

## ARGUMENT

PDV USA respectfully requests that this Court order Mr. Rivera to compensate PDV USA for the significant fees and costs it has incurred in connection with compelling Mr. Rivera to comply with the Subpoena. PDV USA never should have had to seek relief in the first place, much less spend significant time and resources responding to Mr. Rivera's frivolous, bad faith

---

[3] At present, the invoices are fully redacted per S.D. Fla. Local Rule 5.4(b)(1)—PDV USA is filing a motion to seal simultaneously herewith.

arguments. As set forth above, Mr. Rivera should have produced responsive documents from the Government Production to PDV USA by September 2023 at the latest—when we now know he received the Government Production. He failed to do so. Instead, before and after PDV USA was forced to bring its Motions to Compel, he made a number of bad faith objections and misrepresentations. As detailed above, he:

(1) never told PDV USA or the Court about the existence of the Government Production or that the Government Production contained the Indictment Documents and at least hundreds of additional documents also responsive to the Subpoena;

(2) made false misrepresentations to PDV USA that the Indictment Documents had "not yet been produced";

(3) when PDV USA found out about the Government Production, falsely reassured PDV USA that the documents in the Government Production were believed to be "not relevant" to the case, and then doubled-down on that false representation in statements made to this Court;

(4) raised frivolous objections to the Subpoena, including arguing (repeatedly) that documents in his own lawyer's possession, custody, or control were not in his possession, custody and control, that he could not "access" a document production made to him, and that his own WhatsApp messages were immune from discovery by PDV USA because they were produced to him by the government under a protective order;

(5) never once asked the government whether it had any objection to him producing his own messages to PDV USA, and in fact objected to the government producing the same documents to PDV USA; and

(6) ignored the Court's order compelling production and only complied after PDV USA warned that it would move for contempt.

Under these circumstances, fee-shifting is warranted.

I. **The Court May Impose Fee Shifting Where A Respondent Refuses In Bad Faith To Comply With a Valid Subpoena**

Courts in the Southern District of Florida award attorneys' fees where petitioners have had to compel uncooperative litigants, including non-party litigants, who refuse to comply with a valid subpoena. *See Roche Diagnostics Corp. v. Surplus Diabetic, Inc*., 2020 WL 8082367, at *7 (S.D. Fla. July 6, 2020) (awarding attorneys' fees to petitioner after petitioner was forced to move to compel non-party that repeatedly refused to comply with document subpoena obligations), *report and recommendation adopted sub nom. Roche Diagnostics Corp. v. Amexpo Int'l, LLC*, 2020 WL 8079821 (S.D. Fla. July 21, 2020). When awarding fees pursuant to the Court's inherent powers, fees shall include "fees that [the moving] party would not have incurred but for the bad faith" of the non-moving party. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017).

In addition, Federal Rule 37(a)(5)(A) states that if the Court grants a motion to compel, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." To avoid having to pay such expenses, the non-moving party has to show that its failure to respond to the discovery request was either "substantially justified," or that "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Even though Mr. Rivera is technically a third-party, the rationale underlying FRCP 37(a)(5)(A) still applies, insofar as Mr. Rivera was not "substantially justified" in his failure to respond to the Subpoena, and in fact, he acted in bad faith.

The party seeking fees bears the burden of establishing entitlement to such fees by providing "records to show the time spent on different claims, and the general subject matter of the time expenditures . . . with sufficient particularity . . . that the district court can assess the time

claimed for each activity." *Leigh v. Avossa*, 2017 WL 3671559, at *2 (S.D. Fla. Aug. 24, 2017). The information set forth in Exhibits 4 and 5 satisfies this burden.

## II.     PDV USA's Attorneys' Fees Are Reasonable

### A.     The Hourly Rates Are Reasonable

Courts in the Eleventh Circuit consider a reasonable hourly rate to be the prevailing market rate in the relevant legal community for similar services provided by lawyers of comparable skill, experience, and reputation. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Pursuant to Local Rule 7.3(a)(5)(A), fee applicants must "provide the identity, experience, and qualifications for each timekeeper for whom fees are sought." Additionally, fee applicants are required by Local Rule 7.3(a)(4) to disclose any fee arrangements between the party moving for fees and counsel.

The attorneys here that billed time in connection with litigating PDV USA's Motions to Compel are, from Willkie Farr & Gallagher, LLP ("Willkie Farr"), Michael J. Gottlieb, Jeffrey B. Korn, Brady M. Sullivan, and Joshua Pereira, and from Jones Day, Eliot Pedrosa and Amy G. Fudenberg. Biographies describing the experience and qualifications of these attorneys are attached as Exhibit 6.

PDV USA is billed at a significant discount from the standard hourly rates of Willkie Farr and Jones Day. Although the rates charged by these attorneys are analogous to those of other attorneys at comparable national firms, these rates are higher than the average rates of attorneys practicing in the Southern District of Florida. Accordingly, PDV USA requests that the fees incurred in connection with litigating PDV USA's Motions to Compel be paid for by Mr. Rivera

at a rate of ▮ of the already discount hourly rate normally charged to PDV USA by the above-listed attorneys, as reflected in Exhibits 4 and 5.[4]

B. The Number of Hours Is Reasonable

Courts in the Southern District of Florida using their inherent power to award attorneys' fees look to the number of hours "reasonably expended." *See Roche*, 2020 WL 8082367, at *6 ("When determining reasonable attorneys' fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended."). Likewise, under FRCP 37, courts award fees for only those hours reflecting work that was reasonably necessary to achieve the desired outcome. *Norman*, 836 F.2d at 1301. Fee applicants are not entitled to compensation for hours that are "excessive, redundant, or otherwise unnecessary." *Id.* The number of hours courts have found reasonable for preparing a motion to compel depend on the particular facts of the case. *See Procaps*, 2013 WL 6238647, at *16 (noting that the motions at issue were "not the run-of-the-mill, standard motions which are more typically filed in this district" and "the mere fact that the litigation events at issue are two motions to compel is not . . . particularly persuasive in assessing the reasonableness of the time").

Here, the 135.1 hours for which PDV USA seeks recovery were spent in connection with litigating the Motions to Compel, which PDV USA was forced to bring because of Mr. Rivera's refusal to produce responsive documents to PDV USA upon his receiving the Government Production. These hours include time billed by four attorneys from Willkie Farr and two from Jones Day; however, the vast majority of the hours were billed by only two attorneys, Mr. Sullivan and Mr. Pereira from Willkie Farr. These hours include time spent drafting and filing four

---

[4] *See Procaps S.A. v. Patheon Inc.*, 2013 WL 6238647, at *17 (S.D. Fla. Dec 3, 2013) ("Patheon's fee request included a self-imposed reduction of approximately 20%. . . . Given this significant, voluntary reduction, the Court finds that an additional reduction of only 5% is warranted").

substantive briefs (two opening briefs and two replies). See ECF Nos. 1, 18, 20, and 32. Had Mr. Rivera originally disclosed the full extent of the Government Production to PDV USA, rather than falsely reassuring PDV USA that the production was not "relevant," PDV USA would not have had to bring the Second Motion. These hours also include time spent drafting and submitting a notice of supplemental authority (ECF No. 21), as well as opposing Mr. Rivera's motion to continue the hearing date (ECF No. 33).[5] They also include time spent preparing for and attending the hearing before this Court.

All of this work was necessitated by Mr. Rivera's bad faith refusal to comply with the Subpoena. As set forth above, Mr. Rivera's arguments in opposition to PDV USA's Motions to Compel were without merit and were not made in good faith. Moreover, Mr. Rivera made numerous misrepresentations to PDV USA and the Court, which needlessly prolonged these proceedings. See Haeger, 581 U.S. at 104 (fees shall include "fees that [the moving] party would not have incurred but for the bad faith" of the non-moving party).

### III. PDV USA's Costs Are Reasonable

In addition to attorneys' fees, courts often require an uncooperative litigant whose conduct necessitated a motion to compel to pay reasonable costs that were necessarily incurred in the making of the motion. See Leigh, 2017 WL 3671559, at *4 (awarding moving party costs of obtaining expedited deposition transcripts in support of successful motion to compel). Here, PDV USA seeks a total of $652 in costs, which are detailed in Exhibit 7.

---

[5] PDV USA is not seeking fees in connection with its Amended Certificate of Conferral (ECF No. 23) or its motion to reset the format of the hearing to virtual format (ECF No. 29).

## CONCLUSION

For the foregoing reasons, PDV USA respectfully requests that this Court order Mr. Rivera to pay PDV USA $113,059.36 in reasonable attorneys' fees and $652 in costs.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.3(a)–(b)

The undersigned hereby certifies that PDV USA has made good faith efforts to come to an agreement with Mr. Rivera and his counsel regarding the fees claimed in this Motion, as required under S.D. Fla. Local Rule 7.3(a)–(b).  As required by S.D. Fla. Local Rule 7.3(b), counsel for PDV USA served a draft of this Motion on counsel for Mr. Rivera by email on June 5, 2024.  On June 19, 2024, counsel for Mr. Rivera objected to this Motion and every one of the individual billing entries.  On June 28, 2024  PDV USA responded to Mr. Rivera's objections, and agreed to withdraw one of the contested time entries.

## VERIFICATION

The undersigned hereby declares under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 3, 2024

                          Respectfully submitted,

                          */s/ Eliot Pedrosa*
                          Eliot Pedrosa (FBN 0182443)
                          JONES DAY
                          Brickell World Plaza
                          600 Brickell Avenue, Suite 3300
                          Miami, Florida 33131
                          (305) 714-9726
                          epedrosa@jonesday.com

                          *Attorney for Petitioner PDV USA, Inc.*


                          Jeffrey B. Korn (admitted *pro hac vice*)
                          Brady M. Sullivan (admitted *pro hac vice*)
                          Willkie Farr & Gallagher LLP
                          787 Seventh Avenue
                          New York, New York 10019
                          (212) 728-8000
                          jkorn@willkie.com
                          bsullivan@willkie.com

                          Michael J. Gottlieb (admitted *pro hac vice*)
                          Willkie Farr & Gallagher LLP
                          1875 K Street, N.W.
                          Washington, D.C. 20006
                          (202) 303-1000
                          mgottlieb@willkie.com

                          *Attorneys for Petitioner PDV USA, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of July, 2024, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

Dated: July 3, 2024

                Respectfully submitted,

                */s/ Eliot Pedrosa*
                Eliot Pedrosa (FBN 0182443)
                JONES DAY
                Brickell World Plaza
                600 Brickell Avenue, Suite 3300
                Miami, Florida 33131
                (305) 714-9726
                epedrosa@jonesday.com

                *Attorney for Petitioner PDV USA, Inc.*