# EXHIBIT 1



Jason W. Johnson, Esq.
JJohnson@ByrdCampbell.com
Direct Dial: 407-284-3642

October 3, 2023

**VIA ECF**

Honorable Judge Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: PDV USA, Inc. v. Interamerican Consulting, Inc., Case No.: 1:20-cv-03699-JGK-RWL

Dear Judge Lehrburger:

We represent Interamerican Consulting, Inc. ("Interamerican") in the above-referenced case. We file this letter in response to the letter (the "Letter") (Doc. 154) submitted by PDV USA, Inc. ("PDV USA") on September 28, 2023, requesting a 100-day extension of the stay that expired on October 2, 2023.

Interamerican continues to oppose an extension of the stay. PDV USA's renewed request comes with no clear indication of when, if ever, PDV USA, Interamerican, or David Rivera will come into possession of the so-called "Missing Documents." At the January 3, 2023 hearing, counsel for PDV USA posited that a stay of "90" or "120" days would "be a reasonable time" to "obtain [the 'Missing documents']" from the criminal proceeding. Ex. A 7:4-7; *see also United States v. David Rivera and Esther Nuhfer*, 22-20552 (S.D. Fla.). Counsel for PDV USA explained that the documents could be obtained "as part of the criminal discovery process" and that if Mr. Rivera "chooses or elects not" to produce them "they will presumably be introduced at a trial in the criminal proceeding, and [PDV USA] can obtain them in that fashion." Ex. A 5:20-6:2. Although the Court expressed its general preference to "extend discovery," as opposed to staying all proceedings, the Court nevertheless acquiesced to PDV USA's request and granted a 90-day stay. *Id.* at 18:21-19:13.

Now, over nine (9) months after the stay was instituted, the "Missing Documents" have yet to be produced, Mr. Rivera has not been arraigned, which is scheduled to occur on November 27, 2023, and it is unclear when, if ever, trial will take place in the criminal proceeding. PDV USA has not provided any authority which would permit this Court to order the production of documents obtained in a separate

DALLAS
Phone: (214) 764-4106

ORLANDO
180 Park Avenue North, Suite 2A
Winter Park, FL 32789
Phone: (407) 392-2285
Fax: (407) 392-2286

PENSACOLA
Phone: (850) 308-7440
By appointment only

Honorable Robert E. Lehrburger
October 3, 2023
Page 2

criminal proceeding. Nor has PDV USA offered any basis for its suggestion that somehow Interamerican has an independent duty to obtain these documents in the criminal proceeding, especially considering that these documents are not in Interamerican's possession, custody, or control.[1] Nevertheless, PDV USA seeks a third extension of the stay for 100 days, which, if granted, will bring the total amount of time that the case has been stayed to over a year—more than quadruple the amount of time PDV USA predicted and with no reasonable assurance that the documents will be available for use in this case.

In its Letter, PDV USA summarily dismisses the arguments Interamerican has raised to oppose the stay, conveniently ignoring that it has now been nine months since the stay was originally instituted. In addition to delaying resolution of its claims, continuing the stay prevents Interamerican from completing its discovery, including taking the deposition of PDV USA's corporate representative or attorneys representing PDV USA or its affiliates to inquire into the substance of their communications with the DOJ. These communications occurred several years ago, and the memories of the witnesses who have knowledge of these communications may begin to fade.[2] Indeed, this Court has already expressed concern "about potential fading of memories as more time passes." (Doc. 139 at 1). PDV USA's insistence on obtaining repeated piecemeal stays based on its speculative hunch that these documents can be discovered (or even exist) at some point in the future creates uncertainty surrounding the resolution of this litigation and is prejudicial to Interamerican.

If this Court is inclined to continue the stay, Interamerican respectfully renews its request that the Court provide a limited carve-out from such an extension to allow Interamerican to: (a) take a second deposition of PDV USA's corporate representative (or attorneys representing PDV USA or its affiliates) to inquire into the subject matter of any communications between PDV USA or its affiliates and the DOJ; and (b) take the oral deposition of Mr. Doe as previously requested. (*See* Doc. 128). There is no risk that an eventual production of the Missing Documents will result in duplicative discovery or depositions. The substance of the Missing Documents, as alleged in the Indictment, does not involve communications with either PDV USA or Mr. Doe and is irrelevant to the discovery Interamerican seeks related to PDV USA's communications with the Department or Justice or Mr. Doe. If anything, this limited carve-out to the stay will allow Interamerican to complete its discovery and be fully prepared to proceed to summary judgment once the stay is lifted in its entirety.

---

[1] Interamerican is also unaware of any authority which would permit Mr. Rivera to "elect" to produce the "Missing Documents" in this case simply because he obtained them in the criminal proceeding, as PDV USA suggested he could do at the January 3, 2023 hearing. Ex. A 5:24-6:2. Indeed, such documents are likely protected from disclosure under Federal Rule of Criminal Procedure 6.

[2] Interamerican's inability to obtain this discovery is not a product of delay. At the deposition of PDV USA's corporate representative, PDV USA refused to answer any questions about its communications with the DOJ. When Interamerican notified PDV USA of its intention to move to compel, PDV USA insisted that Interamerican refrain from do so in order to allow the parties to "negotiate." *See* Ex. B at 2-3 (This exhibit has been redacted to remove discussion of a third-party witness, John Doe). Then, on December 16, 2022, PDV USA reneged on its commitment to negotiate and refused to consent to any discovery of these communications. *See* Ex. C.

Honorable Robert E. Lehrburger
October 3, 2023
Page 3

 

For the reasons set forth herein, Interamerican respectfully requests that the Court deny the relief sought in PDV USA's letter.

                 Respectfully submitted,

                 */s/ Jason Johnson*
                 **Tucker H. Byrd**
                 Florida Bar No. 381632
                 **Jason Johnson**
                 Florida Bar No. 186538
                 **BYRD CAMPBELL, P.A**.
                 180 Park Avenue North, Suite 2A
                 Winter Park, Florida 32789
                 Telephone: (407) 392-2285
                 Facsimile: (407) 392-2286
                 Primary Email: TByrd@ByrdCampbell.com
                 Primary Email: JJohnson@ByrdCampbell.com
                 *Counsel for Defendant/Counter-Plaintiff*

                 Henry L. Saurborn, Jr.
                 Kaiser, Saurborn & Mair
                 30 Broad St., 37th Floor
                 New York, New York 10001
                 Telephone: (212) 338-9100
                 saurborn@ksmlaw.com
                 *Counsel for Defendant/Counter-Plaintiff*

CC: All counsel of record (by ECF)